WILLIAM F. GILLIES et al.

*v.*

FREDERICK MONROE DYER et al.

[Decided May 6th, 1921.]

1. Where a mortgage entitled the mortgagor to a release of a portion of the property on payment of a part of the debt secured thereby, an agreement made after the maturity of the mortgage, in consideration of the payment at that time of a part of the mortgage debt, extending the time for payment of the balance without any reference to the provision for giving releases, did not entitle the mortgagor to a release of part of the mortgaged premises because of that payment, as his right to demand releases had expired, and he had only an equity of redemption in the property.

2. Where a bill to foreclose a mortgage contained a paragraph admitting that the mortgagor was entitled to a partial release, but the evidence in 'the case, even considering such admission, did not show that the mortgagees, in extending the time for payment after maturity, intended to extend the provision for releases, they will not be *held* to have lost their rights because of a mere slip in pleading.

On bill, &c.

*Mr. Edwin T. Murdock*, for the complainants.

*Mr. Andrew Foulds, Jr.*, for the defendants.

GRIFFIN, V. C.

The bill in this cause was filed to foreclose a mortgage made October 31st, 1911, by Ernest R. Hunter, which, by mesne assignments, became vested in the complainants February 13th, 1919. The mortgage fell due October 31st, 1916. The only question litigated was whether an agreement made November 22d, 1916, between George M. Gillies, William F. Gillies and James P. Gillies (the latter two being the complainants here) and F. Monroe Dyer, defendant (he being then the owner of the land),

extending the time of payment to the 9th day of November, 1921, carried with it a right in the defendant to demand from the complainants a release of a portion of the mortgaged premises, under a release clause in the mortgage, by reason of moneys paid by the defendant to the complainants on account of the mortgage debt after the principal debt had fallen due, and at or before the time of the signing of said agreement.

The clauses in the bond and mortgage upon which the defendant claims this right are as follows: The mortgage says:

"It is expressly agreed by and between the parties hereto that on the payment of not less than ten thousand dollars of the principal sum secured by this mortgage there will be released from the lien of this mortgage such an amount of land as shall bear a *pro rata* to the value of the whole tract covered by this mortgage."

The clause in the bond reads:

"And it is hereby expressly agreed that the said Ernest R. Hunter shall have the privilege of paying the principal sum secured by this bond at any time after two years from the date hereof. This clause shall not affect the release clause in the mortgage which accompanies this bond."

On November 22d, 1916, after the bond and mortgage had become due according to their terms, the defendant paid on account thereof the sum of $14,800, and a receipt therefor was endorsed on the bond by the complainants, and contained a clause extending the time of the payment of the balance to the 9th day of November, 1921. On the same day that this payment was made an agreement was entered into between George M. Gillies and the complainants, of the first part, and the defendant, F. Monroe Dyer, of the second part, which, after reciting that there was then due on said bond the sum of $20,200, with interest, from November 9th, 1916, reads as follows:

"The parties of the first part in consideration of one dollar paid by said party of the second part, the receipt whereof is hereby acknowledged, do hereby extend payment of the principal indebtedness secured by said bond as reduced by the payment of fourteen thousand eight hundred dollars to twenty thousand two hundred dollars to the 9th day of November, 1921; provided, the party of the second part meanwhile pays interest on said bond as reduced to twenty thousand two hundred dollars, at and

after the rate of five per cent. per annum, from November 9th, 1916, and semi-annually thereafter on the sixth days of March and September in each year, and 'also complies with the other terms of said bond and mortgage; and the said party of the second part, in consideration of the above extension and of one dollar paid by said parties of the first part, the receipt whereof is hereby acknowledged, does hereby covenant and agree to pay said principal·sum and interest as above set forth and comply with the other terms of said bond and mortgage."

At this juncture I may add that there is nothing in this agreement which carries with it the right to the release of any part of the lands on the payment on account of sums of ten thousand dollars or upwards, as provided in the mortgage; and that, without such agreement, considering that the bond and mortgage by their terms were past due when the agreement was entered into, in the absence of a new agreement, the right to such release of a portion of the lands was at an end. *Avon-by-the-Sea Land and Improvement Co.* v. *Finn, 56 N. J. Eq. 805.* In that case, Mr. Justice Collins, speaking for the court of errors and appeals, said: "The equity appellant had in the mortgaged premises, after condition broken, was an equity of redemption from the mortgage debt, not an equity to compel a release that might impair the mortgagee's security."

Here, on default, the right of complainants to foreclose the mortgage was absolute, and the release clause (assuming that it was not personal but enured to the benefit of Mr. Dyer) lost its operative effect. The only right the defendant then had was the equity of redemption; and when the agreement was made extending the period of time for payment of the balance of the mortgage it in no manner revived the right of the defendant to ask for a release on account of the past payment of $14,800; and this is all that the defendant asks. The most that the defendant could ask would be that the contract should be so construed as to give to him the right to such releases on subsequent payments. I do not say, however, that such right exists because it is unnecessary to pass on this question.

The bond and mortgage both contained the usual thirty days' interest clause giving to the complainant the option to declare the principal due. The defendant failed to pay a portion of the interest which fell due in March, 1919, and paid none of the in-

terest which fell due in September, 1919, and both sums remaining due and unpaid for upwards of thirty days, the complainants declared their option that the whole principal sum should be due and payable, and filed their bill.

The defendant filed a counter-claim praying that the complainants be decreed to deliver a release under the terms of the mortgage. The complainants moved to strike out the counter-claim, and, upon perusing the bill, it seemed as if the twelfth paragraph of complainants' bill conceded this right to relief, thus rendering the defendant's counter-claim unnecessary. Counsel for complainants insisted that this twelfth paragraph could not bear such interpretation, but moved to strike out this paragraph, and it was stricken out accordingly. Having thus stricken out the paragraph upon which the defendant might rely, the counter-claim of the defendant was not stricken out. In considering the case, I have regarded the admission in the complainants' bill as some evidence in favor of the defendant.

There is nothing in the testimony, so far as I have been able to observe, or in the correspondence down to the time of the filing of the bill, which shows that the complainants ever conceded the right of the defendant to this release. There is no evidence that at the time of the payment of the $14,800 the defendant asked for a release, or that there was an understanding had with the owners of the mortgage that the release should be given. The only evidence, therefore, is the admission contained in paragraph 12 of the bill, which, apparently, is a mistake of the pleader; and I am disinclined to allow a mere slip in pleading to operate against the complainants' right.

A decree will be advised for the complainants.